# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HELEN JOYCE TURNER,**

    **Plaintiff,**

v.                           **CASE NO. 4:06-cv-00156-WS-AK**

**BEVERLY JONES,**
**BILL LAMAR,**
**ED B RUST, JR,**
**STATE FARM INSURANCE COMPANY,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff alleges that she was injured in a car accident in November 2002, and is suing the agents of State Farm Insurance Company because they allegedly did not compensate her adequately for her injuries. She claims that they were "very cruel, deceptive and hateful." The Court had previously advised her that these claims were not civil rights issues and that she should provide some factual support for her claim that she was discriminated against, but she has filed an amended complaint much like her original pleading. Ms. Turner has filed several lawsuits in this Court, which have been dismissed as frivolous or for failure to prosecute. See Case Nos. 4:04CV20, 4:98CV95, 4:98CV96, 4:98CV97, 4:98CV114.

"To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540,

1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983). In other words, Plaintiff must allege that Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).

Plaintiff's claims are based on a dispute with a private insurance company over payment on an automobile insurance policy. State Farm is not a state actor, nor are these claims of constitutional magnitude or based on federal law such as to invoke the jurisdiction of this court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this **17th** day of October, 2006.

                                      s/ A. KORNBLUM
                                      **ALLAN KORNBLUM**
                                      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 4:06-cv-00156-WS-AK*